# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

TANYA MAY,

    Plaintiff,

v.                                                                                       Case No. 3:16-cv-587-J-32JRK

FLUOR FEDERAL SOLUTIONS, LLC,
a Foreign Limited Liability Company,

    Defendant.

---

## **O R D E R**

This personal injury action is before the Court on: (1) Defendant Fluor Federal Solutions, LLC's Motion for Final Summary Judgment (Doc. 37), to which Plaintiff Tanya May filed a response (Doc. 38); and (2) May's Motion to Invalidate the Settlement Agreement (Doc. 44), to which former Defendant United States of America filed a response (Doc. 45).

## I.    BACKGROUND AND PROCEDURAL HISTORY[1]

May alleges that she went to the Naval Station Mayport, Jacksonville, Duval County, Florida ("Mayport") on November 18, 2014 to play bingo as an invitee of the United States. May alleges that while at Mayport, she tripped and fell on an unpainted

---

[1] Neither party provided a statement of facts in the briefing on summary judgment containing citations to the record, so the Court will reconstruct the background from the Second Amended Complaint ("SAC") (Doc. 22) and both parties' briefs as best as possible.

parking curb in a parking lot without lighting and sustained bodily injury. Fluor was allegedly responsible for maintaining the lighting at Mayport.

On May 12, 2016, May filed a complaint against the United States of America under the Federal Tort Claims Act ("FTCA"), alleging one count of negligence based on premises liability. (Doc. 1). She amended her complaint (Doc. 13) after the United States filed a motion to dismiss (Doc. 7). The United States filed a second motion to dismiss, arguing that independent contractor Fluor was solely responsible for the maintenance of the lights in the parking lot at Mayport, and therefore the United States was not liable based on an exception to FTCA liability. (Doc. 14).

On September 9, 2016, May and the United States notified the Court that they had reached an agreement in principle to settle the claims against the United States (Doc. 20), and on September 15, 2016, the Court entered an Order directing the parties to file dismissal papers or other papers to close out the file by November 11, 2016 or the case would be dismissed (Doc. 21). Neither party did so, and the case was automatically dismissed without prejudice as to the United States on November 11, 2016. The parties filed a joint stipulation of dismissal with prejudice on February 6, 2017 (Doc. 28), and the Court entered an Order dismissing the action against the United States with prejudice that same day (Doc. 29).

Following her settlement with the United States, on September 23, 2016, May filed the SAC, naming Fluor as the sole defendant and alleging one count of negligence based on premises liability.[2] (Doc. 22). Fluor filed an answer. (Doc. 26). The parties

---

[2] The Court has diversity jurisdiction in this case. (Doc. 33).

2

filed the pending motions for summary judgment and to invalidate the settlement agreement (Docs. 37 and 44), which are ripe for review.

## II. MOTION FOR SUMMARY JUDGMENT

### A. Material Question of Fact Regarding Negligence

To prevail on her negligence claim, May must prove four elements: duty of care, breach of that duty, causation, and damages. Schwartz v. Wal-Mart Stores, Inc., 155 So. 3d 471, 473 (Fla. Dist. Ct. App. 2015). The existence of a duty of care is generally a question of law to be determined by the court, while breach, causation, and damages are generally questions to be decided by the trier of fact. Id.

Fluor argues that May cannot establish a material question of fact concerning Fluor's negligence because the parking bumper was an "open and obvious" condition. (Doc. 37 at 4); see Ramsey v. Home Depot U.S.A., Inc., 124 So. 3d 415, 419 (Fla. Dist. Ct. App. 2013) ("trial court properly granted summary judgment to Home Depot in this negligence case because the Ramseys failed to establish that Home Depot had a duty to warn of the presence of a wheel stop that was located in an open and obvious place"). May had visited Mayport three times before her accident (Doc. 40-1 at 22:2-5), so according to Fluor, she was aware of the location of the parking bumpers. To that end, Fluor also submits a daytime photograph of the Mayport parking lot showing the parking bumpers at each parking space. (Doc. 37-2). In addition, Fluor argues that May cannot prove that it failed to maintain the parking lot in a reasonably safe condition because she testified that she did not look around the parking lot to see whether the lights were on, and she does not know whether any lights were malfunctioning on the night she fell. (Doc. 40-1 at 30:8-20).

3

In response, May argues that the evidence precludes summary judgment because she testified that it was dark when she was walking through the parking lot and not "lit up." (Doc. 40-1 at 30:11-16). In addition, May's daughter, Jenjer Sawyer, who was with May on the night of the accident, testified that there was no lighting near where May fell and that the lights were off. (Doc. 42-1 at 36:2-10).

While the Court may find that a parking bumper is an open and obvious condition in certain circumstances, see Ramsey, 124 So. 3d at 419, here, it was allegedly dark, and the parties dispute the state of the lighting in the parking lot. Under these circumstances, the Court finds that a genuine issue of material fact exists as to Fluor's alleged negligence. See Aaron v. Palatka Mall, L.L.C., 908 So. 2d 574, 579 (Fla. Dist. Ct. App. 2005) ("We believe that the dark and rainy conditions and the inadequate lighting may have prevented [plaintiff] from observing, with the use of her ordinary senses, any danger posed by the bumper. In other words, we think that under these facts and circumstances, a jury should decide whether the parking lot bumper was a dangerous condition that was open and obvious."). Thus, Fluor's motion for summary judgment on the negligence claim is due to be denied.

### B. Release of Claims

Although Fluor was not party to the settlement between May and the United States, Fluor argues that May released her claims against it, too, when she signed the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2667 (the "Release") (Doc. 37-1) on December 15, 2016. (Doc. 37 at 5). Paragraph 3 of the Release states that May releases all claims which she had or might acquire against the United States and "its agents, servants and

employees on account of the same subject matter that gave rise to the above-captioned action . . . ." (Doc. 37-1 ¶ 3) (emphasis added). In paragraph 8 of the SAC, May alleges that "The United States employed Fluor to maintain the property . . ." (Doc. 22 ¶ 8) (emphasis added). As such, Fluor argues that as an alleged employee or servant of the United States according to May's allegations, it is entitled to the protection of the Release. Fluor provides no evidence other than the SAC to support its position that it is the United States' employee.

By contrast, May argues that Fluor is not entitled to the protection of the Release and points to paragraph 9 of the Answer, in which Fluor admits that it contracted with the United States but denies the remainder of the allegations of paragraph 8 of the SAC, which include its status as an "employee." (Doc. 26 ¶ 9). In addition, May provides evidence demonstrating that she did not intend to include Fluor in the scope of the Release with the United States and tried to add language to the Release to that end. (Docs. 41-2, 41-3). However, the United States could not agree to May's additional language excluding Fluor because the Release is a government form which counsel for the United States did not have discretion to edit or change. (Doc. 41-3). Consequently, the language was excluded from the Release, which May ultimately signed.

The Court cannot find as a matter of law that Fluor is the United States' employee, such that it is entitled to summary judgment. The evidence demonstrates that, at a minimum, there is a factual dispute about Fluor's employment status. See Carlson v. FedEx Ground Package Sys., Inc., 787 F.3d 1313, 1318 (11th Cir. 2015)

(citation and alterations omitted) ("In Florida, it is well-established that the question of an employer/employee relationship is generally a question of fact, and therefore a question for the trier of fact."). No party provided a complete copy of the contract between Fluor and the United States for the maintenance work at Mayport. However, in connection with its motion to dismiss, the United States attached the facilities portion of the contract between it and Fluor, noting that the document was part of a "larger contract." (Doc. 14 at 4 n.5; Doc. 14-1). The facilities contract refers to Fluor as a "Contractor." (Doc. 14-1). In addition, in its briefing on the motion to dismiss, the United States refers to Fluor as "an independent contractor . . . solely responsible for maintaining the lights about which plaintiff principally complains." (Doc. 14 at 1). The only (feeble) evidence of Fluor's status as an employee is May's allegation in paragraph 8 of the SAC.

Based on the competing descriptions of Fluor's employment status in the record, the Court cannot conclude as a matter of law that the Release encompasses Fluor. Therefore, summary judgment on this issue is due to be denied.

### III. MOTION TO INVALIDATE THE SETTLEMENT AGREEMENT

Following the motion for summary judgment contending that the Release applies to Fluor, May filed a motion to invalidate her settlement agreement with the United States. (Doc. 44). May argues that the United States fraudulently induced her into entering the settlement agreement by stating that the settlement agreement would not apply to Fluor, and that Fluor alone was responsible for maintaining the lights at Mayport. (Doc. 44 at 2-3). May fails to cite the legal basis for her motion, nor does she cite any analogous case law in support. (See Doc. 45 at 5-6).

6

In response, the United States argues that the Court should deny the motion on at least four separate grounds: (1) May cites no rule that authorizes the Court to grant the relief she seeks; (2) the motion is untimely, as Rule 60(c), Fed. R. Civ. P., requires that motions seeking relief must be filed within one year of the entry of judgment; (3) the Court lacks jurisdiction to enforce or invalidate a settlement agreement because it did not expressly retain jurisdiction to act; and (4) the United States committed no fraud. (Doc. 45).

As explained in the Background, see supra Part I, this case was automatically dismissed without prejudice as to the United States on November 11, 2016, after neither party filed dismissal papers. (Doc. 21). That Order states in bold letters that "in some cases, the Court may not have jurisdiction to enforce settlement agreements once the case has been dismissed without prejudice." (Id.). As a formality, the parties finally filed dismissal papers on February 6, 2017 which dismissed the case against the United States with prejudice. (Doc. 28). The Court entered an Order to that effect on the same day. (Doc. 29).

While each of the United States' arguments has arguable merit, the Court need not examine all of them because, as the United States asserts, the Court lacks jurisdiction to rule on May's motion. (Doc. 45 at 7-9). In neither the November 11, 2016 nor the February 6, 2017 Orders did the Court retain jurisdiction to enforce (or invalidate) the settlement agreement. See Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1280–81 (11th Cir. 2012) (district court lacked jurisdiction to enforce settlement agreement because "[t]he district court did not retain jurisdiction to enforce

the Settlement Agreement here because the court issued no such order before the case was dismissed and the stipulation was not conditioned by the entry of an order retaining jurisdiction"). May provides no grounds for the Court's continued jurisdiction. "When the settlement agreement is not made part of a court order, it is merely a private contract arising out of a case in federal court and 'ha[s] nothing to do with' the underlying case." Id. (citing Kokkonen v. Guardian Life Ins. of America, 511 U.S. 375, 380 (1994)). Therefore, May's motion to invalidate the settlement agreement is due to be denied.[3]

Accordingly, it is hereby

**ORDERED:**

1. Defendant Fluor Federal Solutions, LLC's Motion for Final Summary Judgment (Doc. 37) is **DENIED**.

2. May's Motion to Invalidate the Settlement Agreement (Doc. 44) is **DENIED**.

3. While the parties proposed a full case schedule in the Case Management Report (Doc. 36), a full schedule does not appear necessary at this stage of the litigation. The Court enters the following schedule for the remainder of the case:

---

[3] Given the Court's ruling denying Fluor's summary judgment motion based on the Release, May may no longer be interested in this motion.

| Event | Deadline |
|---|---|
| Discovery Deadline | March 15, 2018 |
| Mediation Deadline | March 30, 2018<br>Terrance E. Schmidt, Esq. |
| Joint Final Pretrial Statement | April 20, 2018 |
| All other motions including motions in limine | April 20, 2018 |
| Final Pretrial Conference | April 25, 2018 at 10:00 A.M. |
| Trial Term Begins | May 7, 2018 at 9:00 A.M. |
| Estimated Length of Trial | 4 days |
| Jury/Non-jury | Jury |

4. The Court has set this case for the May 2018 trial term, but because of the criminal docket, it may be difficult to provide the parties with a date certain for trial. The Magistrate Judge would provide the parties a date certain for trial; the parties may wish to consent to having the assigned United States Magistrate Judge try the case. No later than **February 2, 2018**, the parties should either file the attached consent form or notify the Court that they do not wish to consent to trial before the Magistrate Judge.

**DONE AND ORDERED** in Jacksonville, Florida the 12th day of January, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Counsel of record

Mediator Terrance Schmidt

Honorable James R. Klindt, United States Magistrate Judge

(Attached Magistrate Judge Consent Form)